**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SHAWN RIIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:16-cv-1038-SMY |
| | ) | |
| STEVEN NEWBOLD, | ) | |
| DR. ASSELMEIER, and | ) | |
| WEXFORD HEALTH SOURCES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Shawn Riis is currently incarcerated at the Lawrence Correctional Center in Sumner, Illinois, but was previously incarcerated at the Menard Correctional Center in Menard, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Riis has filed a Complaint under 42 U.S.C. § 1983, alleging that some of the medical staff at Menard and the private contractor that employs them were deliberately indifferent to his dental needs. (*Id.* at 5-11.) Riis seeks money damages and injunctive relief in the form of dental treatment. (*Id.* at 12.)

This matter is before the Court for a review of Riis' Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During the § 1915A review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim" or if it "seeks monetary relief from a defendant who is immune."

**Background**

According to Riis' Complaint, Riis began his incarceration at Menard as early as 2013. (Doc. 1 at 5.)  In August 2013, he began complaining to Menard dental staff that he was in urgent need of dentures.  (*Id.*)  He saw an unknown dentist at the prison around that time who told him that Menard did not provide denture services to inmates.  (*Id.*)  Riis had the opportunity to see yet another unknown dentist at Menard on June 30, 2015.  (*Id.*)  He asked that dentist for dentures as well and was told the same thing—that Menard did not provide dentures.  (*Id.*)

On August 18, 2015, Riis went to see Dr. Asselmeier and an unspecified dental assistant for a two-year dental checkup.  (*Id.*)  When Riis arrived in the office, Dr. Asselmeier and the dental assistant asked Riis why he filed a grievance concerning his dental care.  (*Id.*)  Riis told them that he had been attempting to get dentures for two years and that he was having trouble eating and was experiencing severe pain and gum swelling, largely because he was missing four teeth.  (*Id.*)  Dr. Asselmeier told Riis that he was on a waiting list for dentures, but that the waiting list was very long and he was not sure how long it would take for Riis to get treatment. (*Id.* at 6.)  Riis asked Dr. Asselmeier for pain medications or other care in the interim as his gums were often swollen and bleeding, but Asselmeier seemingly declined his requests, telling Riis that he will receive care when his name "comes up."  (*Id.*)

On October 5, 2015, Riis spoke with Dr. Steven Newbold, another dentist at Menard. (*Id.* at 7.)  Riis told Dr. Newbold that he was missing four teeth and that he had been trying to obtain dentures for a few years.  Dr. Newbold responded that it was very difficult to get seen for dentures because of the long waiting list at Menard.  (*Id.*)  Riis also told Dr. Newbold that he was suffering from swollen and bleeding gums and that he had great difficulty eating certain foods, but Newbold responded that all Riis could do was wait for treatment.  (*Id.*)  Riis asked Newbold

to give him pain medication while he waited on the denture list, but Newbold responded that Riis would get that kind of treatment when he received dentures.  (*Id.* at 8.)  In his Complaint, Riis asks the Court to order prison officials to provide him with dentures or to otherwise treat his pain.  This suggests that he still has not received treatment at Menard.  (*Id.* at 12.)

Riis claims that he wrote grievances concerning his dental needs to prison officials and also wrote letters about his inadequate dental care to Wexford Health Sources, the private company that contracts with the State of Illinois to provide medical and dental services to state prisoners.  (*Id.* at 4 & 10.)  At an unspecified point, Riis was also told by a director that his denture care was being managed pursuant to Wexford's dental policies at Menard.  (*Id.* at 9-10.)  Unsatisfied with officials' responses, he filed suit in this Court.  (*Id.* at 1.)

<u>Discussion</u>

Throughout his Complaint, Riis refers to the conduct of individuals not named in his caption or his defendant list.  Specifically, he states that an unknown dentist saw him at Menard in August 2013, that another unknown dentist saw him at Menard in June 2015 and that an unknown dental assistant was present during his appointment with Dr. Asselmeier in August 2015.  Because these parties are not listed in the caption of the case or in Riis' defendant list by name or by Doe designation, they will not be treated as defendants in this case.  Any claims against them should be considered dismissed without prejudice.  *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption").

Turning to the substantive allegations in Riis's Complaint, the Court finds it proper to divide the claims into the following counts.  The parties and the Court will use these designations in all pleadings and orders, unless otherwise directed by the Court. The Court will conduct a preliminary review of each of these counts in turn.

**COUNT 1:** Dr. Asselmeier was deliberately indifferent to Riis' dental needs from August 2015 to at least September 2016, and Dr. Newbold was deliberately indifferent to Riis' dental needs from October 2015 to at least September 2016, all in violation of the Eighth Amendment.

**COUNT 2:** Wexford Health Sources is constitutionally liable for the failures in Riis' dental care at Menard from August 2015 to at least September 2016.

### Count 1

The Eighth Amendment of the United States Constitution bars the cruel and unusual punishment of prisoners, and officials violate this proscription "when they display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005). To bring an Eighth Amendment claim, a prisoner has two hurdles to clear: he must first show that his medical condition is objectively serious, and he must then allege that the medical professional was deliberately indifferent to that condition. *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002).

An objectively serious condition is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Factors that indicate a serious condition include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Here, Riis' denture-related problems qualify as serious at the threshold stage, especially given his allegations of ongoing pain, bleeding issues and swollen gums. *See Wynn*, 251 F.3d at 593.

For screening purposes, Riis' Complaint also sufficiently alleges that Dr. Asselmeier and Dr. Newbold acted with deliberate indifference.  To be sure, "medical malpractice, negligence, or even gross negligence" by a physician "does not equate to deliberate indifference." *Johnson v. Doughty*, 433 F.3d 1001, 1012-13 (7th Cir. 2006).  Because deliberate indifference is such a demanding state of mind requirement, there is no constitutional violation merely because a physician's treatments ultimately prove ineffective, *Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008), nor is there a constitutional violation solely because a doctor refuses to give a prisoner the exact treatment he wishes, *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

That said, deliberate indifference can exist if a professional's decision represents "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996).  It can also exist when an official fails to provide any treatment for a medical condition, *Gayton v. McCoy*, 593 F.3d 610, 623-24 (7th Cir. 2010), when an official persists with ineffective treatment for a medical problem, *Greeno*, 414 F.3d at 655, or when an official delays medical treatment or needlessly prolongs a prisoner's pain, *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).  While there is some suggestion in Riis' Complaint that the failure to provide dentures was not punitive, but instead based on the availability of dentures at Menard, Riis still alleges that he was not given dental care, either in the form of dentures or an ameliorative soft diet or pain medications.  That is sufficient to state a claim against Dr. Asselmeier and Dr. Newbold at this preliminary stage of the case.

**Count 2**

Riis next alleges that Wexford Health Sources itself is liable for the failures in his dental care at Menard, and thus violated the Eighth Amendment.  To be clear, Wexford cannot be liable merely because Dr. Asselmeier or Dr. Newbold may have worked for Wexford at the time they provided care to Riis.  Section 1983 requires personal liability on the part of each defendant named in a case.  As such, the doctrine of *respondeat superior* is inapplicable in the constitutional tort context, including for private corporations like Wexford.  *See Shields v. Illinois Dep't of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014).

Riis can only state a claim against Wexford Health Sources if he alleges that Wexford had an unconstitutional policy or practice that played a role in his constitutional violation.  *Olive v. Wexford Corp.*, 494 F. App'x 671, 672-73 (7th Cir. 2012).  While it is a close question, and while the Court is cognizant that a prisoner cannot state a claim against Wexford merely by offering a conclusory allegation regarding a policy of denying care, Riis has stated a claim at this stage.  Construing Riis' Complaint liberally and taking all inferences in his favor, Riis seems to be alleging that Wexford had a policy of intentionally imposing long wait lists for dentures and other dental care at Menard regardless of the needs of an inmate.  That is enough to proceed, especially at the threshold phase.  *See Perez v. Fenoglio*, 792 F.3d 768, 780 (7th Cir. 2015).

**Injunctive Relief**

Riis asks the Court to award him money damages for his pain and suffering and to order Menard officials to provide him with dentures and pain medication.  Since Riis makes no mention of preliminary relief, the Court construes his request as a demand for permanent injunctive relief at the close of his case.  The proper defendant for that type of relief is the prisoner's current warden.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).  The

problem with Riis' permanent injunctive request is that recent filings show that he has been transferred from the Menard Correctional Center to the Lawrence Correctional Center.  Riis has not made any allegations in his current Complaint concerning his care at Lawrence or about systemic practices in place at all Illinois prisons and no Menard officials are in a position to provide injunctive relief to him in light of his transfer.  Given that Riis makes no allegations anywhere in his filings that he will return to Menard in the future, his request for injunctive relief directed at those at Menard or potentially related to practices in place at Menard must be rejected as moot.  *E.g.*, *Morris v. Kingston*, 368 F. App'x 686, 689 (7th Cir. 2010); *Kane v. Carr*, 769 F. Supp. 301, 302 (E.D. Wisc. 1991)

<u>**Disposition**</u>

IT IS HEREBY ORDERED that, for the reasons stated, **COUNT 1** shall **PROCEED** against **ASSELMEIER** and **NEWBOLD**, and **COUNT 2** shall **PROCEED** against **WEXFORD HEALTH SOURCES**.

IT IS FURTHER ORDERED that service will be directed as follows.  The Clerk of Court shall prepare for Defendants **ASSELMEIER**, **NEWBOLD**, and **WEXFORD HEALTH SOURCES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to Magistrate Judge Daly for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent.*

Plaintiff is **ADVISED** that at the time application was made under § 1915 for leave to commence this action without being required to prepay fees and costs, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 12, 2016**

<u>s/ STACI M. YANDLE</u>
**STACI M. YANDLE**
**United States District Judge**